# United States District Court
## Eastern District of Louisiana

JERRY L. SYLVE
*Petitioner*

-versus-

N. BURL CAIN, WARDEN,
Louisiana State Penitentiary
STATE OF LOUISIANA
*Respondents*

NO: _____   **06-11205**

DIVISION: _____

**SECT. E MAG 6**

DISTRICT JUDGE: _____   MAGISTRATE JUDGE: _____

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254, et seq.**

BRIEF ON BEHALF OF
PETITIONER, JERRY L. SYLVE
PREPARED BY:
VERNON L. ORANGE   #180943
PARALEGAL/INMATE COUNSEL
CIVIL LITIGATION TEAM
LOUISIANA STATE PENITENTIARY

RESPECTFULLY SUBMITTED,

JERRY L. SYLVE
#77458 WALNUT - 1
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

TABLE OF CONTENTS

PETITION FOR WRIT OF HABEAS CORPUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TABLE OF CONTENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MEMORANDUM OF LAW IN SUPPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

JURISDICTIONAL STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED  . . . . . . . . . . . . . . 9

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

STATEMENT OF WRIT GRANT CONSIDERATIONS  . . . . . . . . . . . . . . . . . . . . . . . . 13

ASSIGNMENT OF ERRORS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

SUMMARY OF THE CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

LAW AND ARGUMENT
        ASSIGNMENTS OF ERROR NOS. 1 & 2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

LAW AND ARGUMENT
        ASSIGNMENT OF ERROR NO. 3  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

ASSIGNMENT OF ERROR NO. 4

        INEFFECTIVE ASSISTANCE OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . 32

LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

A.      DEFENSE   COUNSEL   WAS   INEFFECTIVE   FOR   HIS   FAILURE   TO
        INVESTIGATE PETITIONER'S MENTAL HEALTH ISSUES  . . . . . . . . . . . . . 39

2

B.    PETITIONER DID NOT POSSESS A RATIONAL AS WELL AS A FACTUAL UNDERSTANDING OF THE PROCEEDINGS AGAINST HIM AND WAS LEGALLY INCOMPETENT TO STAND TRIAL UNDER THE DUSKY STANDARD, VIOLATIVE OF HIS CONSTITUTIONAL RIGHTS. ..................................................................... 41

C.    LEGAL DEFINITION OF A RATIONAL UNDERSTANDING .............. 42

D.    DEFENSE COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO ACQUIRE A MENTAL HEALTH EXPERT TO ASSIST IN PREPARATION AND PRESENTATION OF THE DEFENSE. ............... 44

CUMULATIVE EFFECT OF COUNSEL'S GROSSLY INEFFECTIVE ASSISTANCE ................................ 46

CONCLUSION: ................................................................ 49, 50

CERTIFICATE OF SERVICE ................................................ 50

## TABLE OF AUTHORITIES

*Art. 930.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

*Art. 930.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

*Art. 930.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

*Art. 930.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

U.S. Const. Amend. 6; La. Const. Art. 1 § 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) . . . . . . . . . . . . . 16

28 U.S.C. § 2241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 2254(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 2254(d)(1), (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 25

Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) . . . . . . . . . . . . . . . . 44

Arizona v. Fulmanante, 111 S.Ct. 1246 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Batson v. Kentucky, 476 U.S. 79, 96-98, 90 L.Ed.2d 69, 106 S.Ct 1712 (1986) . . . . . . . . . . 30

Blake v. Kemp, 758 F.2d 523 (11th Cir.), cert. denied, 474 U.S. 998 (1985 . . . . . . . . . . . . 45

Bouchillion v. Collins, 907 F.2d 589, 592 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . 41

Bruce v. Estelle, 483 F.2d 1031, 1042 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Chapman v. California, 87 S.Ct. 824 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

Childress v. Johnson, 103 F.3d 1221 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Cooks v. United States, 461 F.2d 530, 532 (5th Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . 40

Cowley v. Stricklin, 929 F.2d 640 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Cracker v. McCotter, 805 F. 2d 538 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Drope v. Missouri, 420 U.S. 162, 95 S. Ct. 896, 43 L.Ed.2d 103 (1975) . . . . . . . . . . . . . . . 24

Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788,
4 L.Ed. 824 (1960) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 37

Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). . . . . . . . . . . . . . 33

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) . . . . . . . . . . . . . 15

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) . . . . . . . . . . . 26, 30

Kennedy v. Maggio, 725 F.2d 269, 272 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Kimmelman v. Morrison, 106 S.Ct. 2574, (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Kordenbrock v. Scroggy, 919 F.2d 1091 (6th Cir.) (en banc), cert.denied,
499 U.S. 970 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Kyles v. Whitley, 115 S.Ct. 1555 ( 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

La.C.Cr.P. art. 642 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

La.C.Cr.P. art. 642-647. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

La.C.Cr.P. art. 643 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

La.C.Cr.P. art. 647 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

La.C.Cr.P. art. 930.7 C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 38

Lockhart v. Fretwell, 113 S.Ct. 836 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Maine v. Mouton, 474 U.S. 159, 163-170, 106 S.Ct. 477, 483-484, 88 L.Ed. 481 (1985 . . . . 33

McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) . . . . . . . . . 15, 17

McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441,
25 L.Ed.2d 763 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 48

Medina v. California, ___, U.S., ___, 112 S.Ct. 2672, 2584, 120 L.Ed.2d 353 (1992 . . . 24, 37

Moore v. Johnson, 185 F.3d 244, 261 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Murrary v. Carrier, 106 S.Ct. 1639, 2649 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 30

Noble v. Siegler, 351 F.2d 673, 677 (8th Cir. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) . . . . . . . . . . . . . . 24, 37

Personal Adm'r of Mass v. Feeney, 442 U.S. 256, 279, 60 L.Ed.2d 870,
99 S.Ct. 2282 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Powell v. Alabama, 287 U.S. 45, 68-69, 53 S.Ct. 55, 63-64, 77 L.Ed. 158 (1932) . . . . . . 33, 40

Profitt v. Waldron, 831 F.2d 1245 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . 16, 23, 36, 39

Purkett v. Elem, 514 U.S. 765, 768-69, 131 L.Ed.2d 834,
115 S.Ct. 1769 (1995) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Rafferty v. Cook, 949 F.2d 1546, 1550 (10th Cir. 1991),
cert. Denied, 112 S.Ct. 1942, 18 L.Ed.2d 815 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Rose v Clark, 106 S.Ct., at 3106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Smith v. McCormick, 914 F.2d 1153 (Th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

State ex rel., Glover v.  State, 660 So.2d 1189 (La. 9/5/95) . . . . . . . . . . . . . . . . . . . . . . . . . . 20

State ex rel., Tassin v. Whitley, 602 So.2d 721 (La.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

State v Matthews, 375 So.2d 1165 (La. 1979 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

State v. Bennett, 345 So. 2d 1129, 1139 (La. 1977 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

State v. Clark, 387 So.2d 1124, 1129 (La.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

State v. Gremillion, 542 So.2d 1074 (La. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

State v. Hattaway, 621 So.2d 796 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

State v. Hattaway, 621 So.2d 796 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

State v. Johnson, 664 So.2d 94 (La. 1995 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

State v. Nomey, 613 So.2d 157, 161 (La. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 37

State v. Perow, 616 So.2d 1336 (La. App. 3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

State v. Sylve, 2002-KA-2358 (La.App. 1 Cir 5/9/03), 844 So.2d 421 (Table);
*writ denied*, 2003-KO-1721 (La. 12/19/03), 861 So.2d 558. . . . . . . . . . . . . . . . . . . . . . . . 10

**State v. Wallace, 98-KA-2450 (La.App. 1 Cir. 9/24/99), 754 So.2d 991.** . . . . . . . . . . . . . . . **10**

**State v.Dixon, 620 So.2d 904 (La. App. 1st Cir. 1993)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**

**State v, Jackson, 608 So.2d 949, 958 (La.1992)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **44**

**Strickland v. Washington, 466 U.S. 668, 688 (1983) 104 S.Ct. 2052, 2063 (1984)** . . . . . **33, 40**

**Sullivan v. Louisiana, 508 U.S.275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)** . . . . . . . . . . . **15**

**Taylor v. Kentucky, 436 U.S. 478, 487 n. 15, 98 S.Ct. 1930, 56 L. Ed.2d 468 (1978)** . . . . . . **46**

**Tillery v. United States, 419 A.2d 970** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**

**Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927)** . . . . . . . . . . . . . . . . . . . . . **15**

**United States v. Ash, 413 U.S. 300, 307-308, 93 S.Ct. 2568, 2572-2573, 37 L.Ed.2d 619 (1973)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **33**

**United States v. Bagley , 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed. 2d 481 (1985).** . . . . . . . . . **47**

**United States v. Cotton** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19, 21**

**United States v. Cronic, 839 F.2d 1401, 1403 (10 Cir. 1988)** . . . . . . . . . . . . . . . . . . . . . **18, 33**

**United States v. Moore, 173 F.3d 847, 1999 U.S. App. LEXIS 3289 at pp. 2-3, (2d Cir. Conn. 1999)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **31**

**United States v. Swanson, 943 F. 2d 1070, 1075 (9th Cir. 1991)** . . . . . . . . . . . . . . . . . . . . . **19**

**Vasquez v. Hillary, 106 S.Ct. 6817 (1986)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**Vela v. Estelle, 708 F.2d 954, 961 (5th Cir. 1983)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **33**

**Walter v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)** . . . . . . . . . . . . . . . . **15**

**Yates v. Evatt, 500 U.S. ___, 111 S.Ct. at 1893.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **47**

# United States District Court
## Eastern District of Louisiana

### JERRY L. SYLVE
*Petitioner*

-versus-

### N. BURL CAIN, WARDEN,
### Louisiana State Penitentiary
### STATE OF LOUISIANA
*Respondents*

NO: _____

## MEMORANDUM OF LAW IN SUPPORT OF GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254, et seq.

NOW INTO COURT comes Jerry Sylve, Petitioner in the above entitled matter, appearing in propria persona, who respectfully requests that this Honorable Court grant his Application for a Writ of Habeas pursuant to the Constitution, laws and all relevant statutes of the United States of America, and that it be incorporated into the record and made a part of the proceedings.

### JURISDICTIONAL STATEMENT

By virtue of 28 U.S.C. § 2241, federal courts have jurisdiction to entertain a state prisoner's habeas corpus petition if his confinement is the result of a violation of federal law. Further, jurisdiction arises under 28 U.S.C. § 2254(a): federal judges shall entertain habeas corpus application "on behalf of a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."

8

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

The **Fifth Amendment** to the United States Constitution guarantees the right to a fair trial, the **Sixth Amendment** to the United States Constitution provides compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

The **Fourteenth Amendment** to the United States Constitution provides in pertinent part as follows: "... nor shall any State deprive any person of life, liberty or property, *without* due process of law."

The State courts, erroneously interpreted and misapplied state and federal law to deny Petitioner relief, convict and sentence Jerry L. Sylve.  This case involves violations under the United States Constitution of the **Fifth Amendment right to a fair trial and right to be found guilty beyond a reasonable doubt, the Sixth Amendment** right to counsel, **Fifth** and **Fourteenth Amendment** rights to due process, and cruel punishment under the **Eighth Amendment**.

Review is appropriate because the last reasoned state court decision is not in accord with controlling precedents of the United States Supreme Court and the Constitution of the United States of America.  The Petitioner has exhausted all claims herein in the State courts. This court has jurisdiction to grant relief pursuant to Article I, § 10, and Article IV § 3 of the United States Constitution, as set forth in Title 28, § 2241 of the United States Code.

## STATEMENT OF THE CASE

**Course of the Proceedings:**

On October 22, 1997, Jerry Sylve was charged by Grand Jury Indictment with one count of Aggravated Rape in violation of La.R.S. 14:42 of A.E., who was a minor child under the age of 12 at the time of the offense (R.77) The indictment reflects that the time of the offense was sometime between January 1, 1991 and December 31, 1994 - a four year period. Petitioner pled not guilty at arraignment.

On June 12, 2002, trial commenced with jury selection and on June 14, 2002, the jury returned an 11 - 1 verdict of guilty as charged. On July 24, 2002, Petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On this same date, prior to sentencing, Motions for New Trial and Post Verdict Judgment of Acquittal, which had been previously filed on Petitioner's behalf, were heard and argued by both parties. The trial court denied both motions. Sentencing delays were waived. (TT. p.2) Furthermore, immediately following sentencing, defense counsel made oral motion to reconsider sentence, motion to appeal and designation of record, motion to withdraw, and motion to appoint appellate counsel - all to be supplemented with formal written motions.[1] Petitioner's sentence and conviction were affirmed in an unpublished opinion. *See*, **State v. Sylve**, 2002-KA-2358 (La.App. 1 Cir 5/9/03), 844 So.2d 421 (Table); *writ denied*, 2003-KO-1721 (La. 12/19/03), 861 So.2d 558.

---

[1]The court also informed Petitioner that he had two years from the date that his sentence becomes final to file for post-conviction relief, pursuant to La.C.Cr.P. Art. 930.8, and that his sentence was final on this date (July 24, 2002) and that the two years began to run from that date. (TT. p. 4) Petitioner points out that this was error. Under jurisprudence of Louisiana, his conviction and sentence did not become final until his timely appeal had been disposed of. *See*, **State v. Wallace**, 98-KA-2450 (La.App. 1 Cir. 9/24/99), 754 So.2d 991.

On July 26, 2004, Petitioner filed Application for Post-Conviction Relief. An evidentiary hearing was held on December 21, 2004 pertinent to Petitioner's Application for Post-Conviction Relief, and the Court subsequently denied relief.

Thereafter, Petitioner filed an Application for Supervisory Writ of Review in the Honorable Court of Appeal, First Circuit. Due to having been provided with a copy of the December 21, 2004 hearing transcript after filing his Application for Supervisory Writ of Review, Petitioner filed Application for Superseding Supervisory Writ of Review. Petitioner was denied relief and on September 9, 2005 timely filed Application for Supervisory Writ of Review to the Supreme Court of Louisiana which denied relief on August 18, 2006. **Wherefore**, Petitioner is properly and timely before the Honorable United States District Court, Eastern District of Louisiana, pursuant to **28 U.S.C. § 2254, et seq**. applying for federal relief from his state court conviction which he maintains is had in violation of his Constitutional rights and protections which are embodied in the **Fifth, Sixth** and **Fourteenth** Amendments to the United States Constitution. Petitioner adopts *all* prior pleadings and respectfully requests that all subject matter be incorporated into the record.

## STATEMENT OF FACTS

In August of 1997, Regina Burns (Burns) called Grant Ross of the St. Tammany Parish Sheriff's Office and reported that she had learned that her daughter A.E. may have been sexually assaulted by her step-grandfather, Jerry Sylve. Detective Ross told her to take both her daughters to the St. Tammany Parish Child Advocacy Center (CAC) to be interviewed. Detective Ross observed the interviews by closed circuit television. (R.656-657).

On the videotape A.E. indicated that Mr. Sylve had touched her sexually and had vaginal

sexual intercourse with her approximately four or five times from approximately the beginning of 1991 until the end of 1994.  (Defense Exhibit D-1)  She further indicated that she had seen Petitioner's penis.  When specifically asked whether it had any distinguishing marks or anything **peculiar**, she said that it did not.  (Defense Exhibit 1)

A.E. was then taken to Children's Hospital in New Orleans where she was examined by Dr. Scott Benton who reported a **normal gynecological exam and found that her hymen was intact**. (R. 630-631) In other words, she was a virgin.  Dr. Benton also took a medical history from A.E., in which she indicated that in addition to vaginal sexual intercourse, Petitioner had anal intercourse with her. (R. 641) It should be noted that Dr. Scott Benton is one of the most reknowned experts in the State of Louisiana in his field, and has testified in hundreds of cases.

At trial, A.E. indicated that Mr. Sylve had engaged in both anal and vaginal intercourse with her **more than ten times.**  Mr. Sylve is an African American.  The defense presented testimony that Petitioner was injured a number of years prior to the time of the incidents in question and that as a result of that injury, approximately one-half of his penis is scarred and pink in color. (R.809-810 and D-17).  Defendant further introduced medical records from 1989 to 1997, showing that defendant had complained several times to different doctors about suffering impotence, as well as supporting testimony from his wife.   The medical evidence in the case sub judice defies that the vitim at the age of 12 and/or beyond,  had vaginal and anal intercourse more than ten times with an adult male.

# STANDARD OF REVIEW

Under the provisions of **28 U.S.C. § 2254(d)(1), (2)**:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

# STATEMENT OF WRIT GRANT CONSIDERATIONS

The following consideration is applicable as to why this case is appropriate for review. Petitioner submits that the Court of Appeal and the Louisiana Supreme Court have decided, and/or sanctioned, a lower courts's decision of significant issues of law which have not been, but should be, resolved by this Court. The Court of Appeal and the Louisiana Supreme Court were in error by upholding the Trial Court's ruling as it applies to each claim specified. A thorough reading of the record, including Petitioner's pleadings, rebut any presumption that the findings of the lower courts below are correct. Petitioner suggests that the unpardonable review in the lower courts amounted to an erroneous interpretation and/or application of the Constitution and laws of the United States and Louisiana, and a radical denial of the right to a fair review.

As a starting proposition, the courts below have wholly ignored this court's firm resolutions regarding injustice. Here, the injustice done Petitioner is self-evident, an unmitigated disgrace. Our court system should jeolously preserve constitutional safegaurds, particularly,

where the scales of justice may be delicately poised between **guilt, innocence, sanity and insanity.**  In that event, error which under such circumstances would be grounds for reversal, cannot be brushed aside as immaterial, since there is a real chance that it might have provided the slight impetus which swung the scales between guilt, innocence, sanity and insanity.

The facts and law plead by Jerry L. Sylve, his Memorandum, and briefs read para materia display that the trial court clearly abused it's discretion.  Further error followed when the Court of Appeal and the Louisiana Supreme Court refused to correct the abuse on review.  At length, this Court must hold Louisiana's court system to the cited standards conferred upon criminal defendants - to exclude Jerry L. Sylve would be a great injustice. Petitioner avers that the District Court, the Court of Appeal, First Circuit, and the Louisiana Supreme Court are in gross error.

**Petitioner's claims are based upon structural errors which resulted in a miscarriage of justice, was prejudicial to the substantial rights of the accused, constitutes a substantial violation of Constitutional and statutory rights and cannot be denied, bypassed, or annulled by jurisdictional or procedural default.   Structural errors** are not subject to harmless error analysis or procedural default **and can be raised at any time.**

There is a category of Constitutional errors which are not aligned with "trial errors", but are set apart as "structural defects".   In **Arizona v. Fulmanante**, 111 S.Ct. 1246 (1991)  the United States Supreme Court recognized "since this Court's landmark decision in **Chapman v. California**, 87 S.Ct. 824 (1967) in which we adopted the general rule that a constitutional error does not automatically require reversal of a conviction, the court  has applied harmless error analysis to a wide range of errors and has recognized that most constutuitional errors can be harmelss."   The court then cited more than 15 cases and issues of constitutional violations which

14

it eventually deemed as harmless.  However, the court also stated that since the Chapman decision,

other cases have added to the category of constitutional errors which **are not** subject to harmless

error and set forth the following:

> "...unlawful exclusion of members of the defendants race from the grand jury.
> **Vasquez v. Hillary**, 106 S.Ct. 6817 (1986);....each of these constitutional
> deprivations is a siminlar structural defect affecting the framework within which
> the trial proceeds, rather than simply an error in the trial process itself.  Without
> these basic protections, a criminal trial cannot reliably serve it's function as a
> vehicle for determination of guilt or innocence, and no criminal punishment may
> be regarded as fundamentally fair." **Rose v Clark**, 106 S.Ct., at 3106 "citation
> omitted"

Petitioner submits that the relevance in that language  is **"structural defect"** which

provides a precise conception of the primary and serious nature of Petitioner's claims alleged in

his Application for Post-Conviction Relief.

A structural error is one which affects the framework within which the trial proceeds.

**Arizona v. Fulmanante**, 111 S.Ct. 1246 (1991);  **State v. Johnson, 664 So.2d 94 (La. 1995)**.

Structural defects include the complete denial of counsel, see **Gideon v. Wainwright**, 372 U.S.

335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); adjudication by a biased judge, see **Tumey v. Ohio**, 273

U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); exclusion of members of defendant's race from a

grand jury, see **Vasquez v. Hillary**, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); the right

to self representation at trial, see **McKaskle v. Wiggins**, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d

122 (1984); the right to a public trial, see **Walter v. Georgia**, 467 U.S. 39, 104 S.Ct. 2210, 81

L.Ed.2d 31 (1984); *and the right to a jury verdict of guilt beyond a reasonable doubt*, see

**Sullivan v. Louisiana**, 508 U.S.275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). *emphasis added*.

Jerry L. Sylve was denied **the right to a jury verdict of guilt beyond a reasonable**

**doubt.   It is ludicrous and/or impossible to state that a jury could find a defendant "guilty**

15

beyond a reasonable doubt", if that jury was not apprised of the fact that the defendant was repeatedly diagnosed by medical experts from the United States Department of the Navy, the Social Security Administration, and records from Ochsner Hospital as suffering from schizophrenia, chronic, undifferentiated type with paranoid and disorganized features, and severe anxiety problems, *and most importantly, that Petitioner has a global assessment of functioning score of 25.*  These are issues of fact to be determined by the jury alone, but of course, could not be determined when the jury was not apprised of the evidence.

The Sixth Amendment of the United States Constitution guarantees the right to present a defense.   U.S. Const. Amend. 6; La. Const. Art. 1 § 16; Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); State v. Gremillion, 542 So.2d 1074 (La. 1989). *Jerry L. Sylve was denied the Constitutional right to present a defense due to grossly ineffective assistance of counsel.* There were no multifarious positions from which defense counsel needed to choose a defense. Petitioner's defense was obvious.   Because defense counsel presented as a defense that the allegations made by the victim were fraudulent and for purpose of monetary gain, this does not forego presentation of the substantial and viable defense of insanity when the evidence exists to support the defense. *To forego such a defense when defense counsel was aware of the supporting medical evidence is an abashment to his profession.*   Profitt v. Waldron, 831 F.2d 1245 (5th Cir. 1987).   Jerry L. Sylve was denied his substantial and perfectly viable defense due to grossly ineffective assistance of counsel and abuse of discretion by the Trial Court.  Having knowledge of the above information, and counsel not utilizing said information, is the same as "having no counsel at all",  constituting a constructive denial of effective

16

asistance of counsel, **ergo, a "structural defect"**.   In **Arizona v. Fulminante**, the Supreme Court distinguished between the types of constitutional errors amenable to harmless error analysis from those **requiring automatic reversal** by demonstrating the former, "trial errors" and the latter, "structural defects' 499 U.S. 279, 307, 309, 113 L.Ed.2d 302, 111 S.Ct. 1246 (1991). Trial errors are errors which occur during the presentation of the case to the jury." Id at 307-08. Trial errors are subject to harmless error analysis because they may be "quantitatively assessed in the context of other evidence presented in order to determine whether [the error] was harmless beyond a reasonable doubt."  In contrast, the Court described those constitutional errors which **require automatic reversal as "structural defects in the constitution of the trial mechanism."** 499 U.S. at 309. Structural errors affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself." id at 310.  Presentation of an insanity defense requires that the dual plea of not guilty and not guilty by reason of insanity be entered prior to trial, and affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself.."   There are also steps mandated by the Constitution and statute prerequisite to entering the dual plea.   Without entering the dual plea, a defendant is precluded from presenting facts of his mental illness to the fact finding jurors as a defense, and subsequently precludes a finding of guilt beyond a reasonable doubt.

The total deprivation of the right to counsel at trial is a paradigmatic example of a structural constitutional error that can never be harmless as is the violation of the right to self representation at trial. Id at 309; **Chapman**, 386 U.S. at 23, n.8; **McKaskle**, 465 U.S. at 177 n.8.

The United States Supreme Court in **Kimmelman v. Morrison**, 106 S.Ct. 2574, (1986), emphasized that counsel's shortcomings where resultant of "ignorance as opposed to a strategic decision." So, for readily apparent reasons, Judge Childress, the State, or the reviewing courts cannot profess strategic choices or trial tactics, when it appears on the face of the record that counsel made no strategic decisions at all. The State in it's response to Petitioner's Application for Post-Conviction opined that defense counsel's actions were exactly that. Strategic. However, defense counsel has never professed he failed to raise any issues based upon his strategic choices or tactics. In fact, defense counsel was not even called to the evidentiary hearing where such facts could have been presented, addressed, and resolved. As stated above, this was a personal opinion by the State in their response. A more reasonable explanation is his not presenting available evidence, witnesses, or argument was not a decision related to strategic choices or trial tactics, but rather a lack of decision resultant of betraying his client's interest and his oath.

In **United States v. Cronic**, 839 F.2d 1401, 1403 (10 Cir. 1988), the conviction was originally reversed by the Tenth Circuit at 675 F.2d 1126. The Supreme Court then reversed that decision, and the case was sent back down to the district court which denied relief. In its opinion the court found that trial counsel had completely failed to present the obvious defense of good faith, and also failed to request a jury instruction on good faith, the Court of Appeals saw substantial prejudice and reversed.

Akin to **Cronic**, Mr. Sylve effectively had **no advocate at all** when the substantial and viable defense of insanity was obvious. Additionally, appellate issues were obvious and not preserved. As noted in **Cracker v. McCotter**, 805 F. 2d 538 (5th Cir. 1986), the U.S. 5th Circuit said: "a constructive denial of Counsel occurs in only a very narrow spectrum of cases where the

circumstances leading to Counsels ineffectiveness are so egregious that the Petitioner was in effect denied any meaningful assistance at all". (Id at 542)

This coincides with the standard set forth in **United States v. Swanson**, 943 F. 2d 1070, 1075 (9th Cir. 1991), and **Childress v. Johnson**, 103 F.3d 1221 (5th Cir. 1997), where the Petitioner was forced to undergo the entire process without the aid of **an attorney dedicated to his clients rights under our Adversarial System of Justice**.  The case sub judice presents exactly that.  Defense counsel cannot show any strategic or tactical reasons to forego such an obvious defense.  Our jurisprudence does *not* require any reviewing court to "fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decisions at all." **Moore v. Johnson**, 185 F.3d 244, 261 (5th Cir. 1999).  The trial court in the matter sub judice denied Petitioner relief based upon exactly that.  An **opinion** rendered by the State in its response **fabricating a strategic choice**, and without even calling defense counsel to the hearing as a witness to ascertain reasons for such a failure.

Each of Petitioner's claims raise issues that challenge the trial court's subject matter jurisdiction.  The concept of subject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.  It can not be deemed harmless to not present a defense when one is clearly available and supported by written professional opinion rendered by experts, **ergo, obvious**.  This is Constitutional error of the first magnitude.  Each of Petitioner's claims are allegations of constitutional deprivations which Petitioner avers constitute structural defects affecting the framework within which his trial proceeded rather than simply just an error in the trial process itself.  **Such structural defects must be corrected whether raised at trial or not.** **United States v. Cotton**, *supra*.  Therefore, denying such claims by the lower courts via

standardized denials **without fair review** is unconstitutional and mandates this Honorable Court's review and correction of such practices.

In **State ex rel., Tassin v. Whitley**, 602 So.2d 721 (La.1992), the Supreme Court held that, "[s]ince the search for truth is the district court's paramount concern, **all** reliable evidence tending to establish the relevant facts should be considered. In other words, the true aim of the evidentiary hearing is to **discern what is veracious**, therefore, it follows that to limit the ambit of this "paramount" goal would be completely inimical to persons charged with criminal offenses and in contravention of the ultimate goal of discovering and, sometimes, uncovering the truth. Equally important, is the general rule, post conviction relief is predicated upon expanding the remedies when asserting a constitutional deprivation, (*e.g.*, deprivation of the right to effective assistance of counsel especially when it involves structural errors).

More troubling, and significant to the outcome, Judge Childress could not credibly have resolved any factual dispute without allowing Mr. Sylve to call witnesses and to explain fully his claims, or why he failed to raise the claims in any prior proceeding. Professor Joseph bears repeating, Of course, it has where the Supreme Court of Louisiana has judiciously determined: "[o]ne of the goals of Louisiana's court system of justice is to provide both the accused and the state with fair and prompt appeals, **and further proceedings to correct error**." **State ex rel., Glover v. State**, 660 So.2d 1189 (La. 9/5/95). Despite the high court's binding resolution, Judge Childress, the Appellate Court, and Louisiana Supreme Court have denied Mr. Sylve the opportunity to avail himself of **structural errors** resulting from grossly ineffective assistance of counsel and an abuse of discretion by the trial court. To be sure, **fair review** at the evidentiary hearing granted and ordered by the trial court in the matter sub judice **would include**

20

**representation by counsel**. Under **La.C.Cr.P. art. 930.7** C, the Court **shall** appoint counsel for an indigent petitioner when it orders an evidentiary hearing on the merits of a claim, or authorizes the taking of depositions or requests admission of fact or genuineness of documents for use as evidence in ruling upon the merits of his claim. This should especially hold true in instances where the defendant is mentally ill. In truth and fact, if Judge Childress had allowed Mr. Sylve counsel at the evidentiary hearing held on December 21, 2004, there would have been a different outcome. The transcripts from the evidentiary hearing clearly indicate that Petitioner was denied a fair hearing, where to the contrary, with the assistance of counsel, counsel would have objected to the State's mere assertions of a finding of competency, precluding the Honorable Court's premature and perfunctory ruling, and then challenge the State as to whether there were full, fair, and adequate hearings in accordance with **La.C.Cr.P. art. 642-647**. Counsel would also have called defense counsel as a witness at the hearing, (as well as others) to place at issue defense counsel's decision to forego a substantial and viable defense, place **any** decision made by defense counsel under scrutiny and test said decisions to be in conformity with Constitutional Rights and the laws of the United States and State of Louisiana, thus submitting **all** of Petitioner's critical Constitutional errors **(including those presented below)**, to the Trial Court's attention. Especially **structural errors** which are not subject to harmless error analysis, and which can be raised at any time, and must be corrected whether raised at trial or not. **United States v. Cotton**, *supra*. These actions would have placed the State's case to proper adversarial testing, thus allowing the Court to render a fair decision on the merits.

If the defendant is deprived of the assistance of counsel during a critical stage after the commencement of adverse judicial criminal proceedings, *his right to counsel is violated*. **State**

**v. Hattaway**, 621 So.2d 796 (1993) This is twice that Petitioner was denied effective assistance of counsel.  It cannot be said that Petitioner was not in need of the assistance of counsel at the evidentiary hearing ordered by the trial court.  First and foremost, Petitioner is mentally ill and evidence in support of this fact is present **on face of the record**.  Second, Petitioner has a global assessment of functioning score of 25 which in plain english means that he has very little understanding of anything, much less the law.  The Court denied Petitioner his right to counsel at a critical evidentiary proceeding without benefit of presenting evidence or testimony in support of his claims.   Had counsel been appointed at the evidentiary hearing, all of the aforementioned would have been presented at the hearing, and more probable than not, relief would have been granted.

The State asserted that Mr. Sylve was examined and found competent to proceed.  If this is so, the State obviously called into question Petitioner's competency to proceed and/or Petitioner's sanity at the time of the offense.   **La.C.Cr.P. art. 642** mandates that when the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution...until the defendant is found to have the mental capacity to proceed.  The State asserted that Petitioner was examined in accordance with **La.C.Cr.P. art. 643, but doesn't support this assertion with reports from doctor{s}, nor did the State support that the examination was performed in accordance with the requirements set forth by the Louisiana Code of Criminal Procedure.  The State merely made the assertion and the Court went along with it.**  Petitioner submits that the determination of mental capacity to proceed, in accordance with **La.C.Cr.P. art. 647,** *shall* be determined by the court in a contradictory hearing.  **Petitioner avers that a review of the record sub judice indicates that no such contradictory**

**hearing took place due to defense counsel's grossly ineffective assistance and the Court's abuse of discretion**. This alone is a violation of Due Process and his right to the mandated contradictory hearing at which time Petitioner could present the reports of the sanity commission doctors, present other medical evidence of his mental capacity to proceed, his mental illness and the severity of it's symptoms in support of his defense and during the hearing, call as witnesses medical experts to attest to, or refute said medical reports, call as witnesses the sanity commission doctors at which time they would be subject to direct and cross-examination by the defense, Assistant District Attorney or the Court, subjecting the State's case to meaningful adversarial testing.

Defense counsel is presumed to be knowledgable of Louisiana Law. Defense counsel was well aware of the above cited articles of the Louisiana Code of Criminal Procedure and completely abandoned and/or present Petitioner's substantial and viable defense.

Petitioner's case falls on all fours with that of the decision in **Profitt v. Waldron**, 831 F.2d 1245 (5th Cir. 1987) which held that a rape defendant received ineffective assistance of counsel where his attorney did not raise an insanity defense. In ***Profitt, supra***, and in the case sub judice, part of counsel's deficient performance was based on counsel's failure to conduct a more thorough investigation into his client's mental health. The court chastised the attorney for opting to forego an insanity defense knowing what he did about the defendant's psychiatric history. The same circumstances are presented by Petitioner in the case sub judice. **Defense counsel was well aware of Petitioner's mental illness and supporting evidence prior to trial and was grossly ineffective for failing to request appointment of a sanity commission to evaluate Petitioner's competency to proceed, and for failing to enter the dual plea of not guilty and**

23

not guilty by reason of insanity, which then would allow presentation of his **substantial and viable defense and allow the fact finding jurors to determine if he was guilty beyond a reasonable doubt based on "all" of the facts.    These are  fundamental rights guaranteed by both the United States Constitution and the Louisiana Constitution.**

Petitioner is mentally ill, and affected by a plethora of severe mental disorders and was tried and convicted without the use of a sanity defense, or the protections and safegaurds of a sanity commission built into our jurisprudence through the Due Process Clause **demanding adequate, anticipatory, protective procedures** to minimize the risk that an incompetent person will be convicted. **Medina v. California,** ___, U.S., ___, 112 S.Ct. 2672, 2584, 120 L.Ed.2d 353 (1992); **Pate v. Robinson,** 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); **Drope v. Missouri,** 420 U.S. 162, 95 S. Ct. 896, 43 L.Ed.2d 103 (1975); **Dusky v. United States,** 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed. 824 (1960) (per curiam); **Rafferty v. Cook,** 949 F.2d 1546, 1550 (10th Cir. 1991), cert. Denied, 112 S.Ct. 1942, 18 L.Ed.2d 815 (1992); **State v. Bennett,** 345 So. 2d 1129, 1139 (La. 1977); **State v. Nomey,** 613 So.2d 157, 161 (La. 1993).   In that event, error which under such circumstances would be grounds for reversal, cannot be brushed aside as immaterial, since there is a real chance that it might have provided the slight impetus which swung the scales toward innocence. This case should be reviewed and decided by this Honorable Court because the appellate court and Louisiana Supreme Court have decided or sanctioned the trial court's erroneous denial of relief of Petitioner's claims based  on  **"structural errors" which must be corrected whether raised at trial or not.  United States v. Cotton,** *supra.*

Petitioner also cites the case of **Tillery v. United States,** 419 A.2d 970 in support of his claims.  In **Tillery,** the court reversed the conviction and remanded the case for a new trial.  The

court explained that the test for an ineffective counsel claim required defendant to have shown that there had been gross incompetence of counsel and that incompetence **had blotted out the essence of a substantial defense.** The court found that counsel's failure to have evaluated defendant's medical records and ascertained that he had been medicated at the time that the State's doctors examined him and found him sane was gross incompetence. In the case sub judice, defense counsel was aware of Petitioner's mental illness, had access to numerous medical records from the United States Department of the Navy, the Social Security Administration, and Ochsner Hospital (where Petitioner was treated for shooting himself) all supporting Petitioner's mental illness, and defense counsel failed to request a sanity commission and full, fair, and adequate hearing. Better said, defense counsel failed in **every** aspect of presenting Petitioner's substantial and viable defense of insanity. This is Constitutional error of the first magnitude. Each of Petitioner's claims are allegations of constitutional deprivations which Petitioner avers constitute **structural defects** affecting **the framework within which his trial proceeded** rather than simply just an error in the trial process itself. Such structural defects must be corrected whether raised at trial or not. **United States v. Cotton,** *supra.* Therefore, denying such claims by the lower courts via standardized denials **without fair review** is unconstitutional and mandates this Honorable Court's review and correction of such practices. The Trial Court, Court of Appeal and Louisiana Supreme Court have erroneously interpreted and/or applied statutory law, the Constitution, and laws of the United States and State of Louisiana, to deny relief and the decision has caused material injustice and significantly affects the public interest mandating reversal. *Cf.* **28 U.S.C. § 2254(d)(1), (2).**