# UNIFORM COMMITMENT DOCUMENT
# LOUISIANA DEPARTMENT OF CORRECTIONS

Parish of Commitment: __ST. TAMMANY__

Judicial District: __TWENTY-SECOND (22nd)__   Section: __A__

Docket Number: __328475__

Name of Convicted: __Jerry L. Sylve, Sr.__

Race/Sex: __B/M__   Date of Birth: __12/4/51__

Offense Committed Date: __1/1/91 – 12/31/94__

Guilty Verdict/Plea Date: __6/14/02__

Sentence Date: __7/24/02__

Convicted Of Revised Statute: __14:42__

Number of Counts: __1__

Sentenced To Be Imprisoned In The Custody Of The Department Of Corrections At Hard Labor For ____ Years.

__Life imprisonment to be served without benefit of probation, parole or suspension of sentence__

Credit For Time Served: __UCS__

Concurrent/Consecutive With: _____

Special Comments Or Instructions: _____

A TRUE COPY
/s/ Dora G. Bumb
D. Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA.

The Above Sentence, Handed Down In Open Court This __24__ Day Of __July__, 20__02__, Is The Order Of This Court And This Shall Be Sufficient Warrant For Its Execution.

AUG 0 2 2002

Witnessed, _____, Judge

_____, Minute Clerk

AB/z
66.18                                III-36

ORIGINAL - JAIL     CANARY - STPSO     PINK - CC OFFICE     GOLDENROD - PROBATION

**STATE OF LOUISIANA**
**Parish of St. Tammany**

Twenty-Second Judicial District Court _____ Term, 19____

The Grand Jurors of the State of Louisiana, duly impaneled and sworn in and for the body of the Parish of St. Tammany, in the name and by the authority of the said State, upon their oath find and presents:

That one, _____ **JERRY SYLVE, 12/4/51** _____ late of the Parish of St. Tammany, on the  **BETWEEN THE 1ST DAY OF JANUARY, 1991 AND THE 31ST DAY OF DECEMBER, 1994**, in the Parish of St. Tammany, aforesaid, and within the jurisdiction of the Twenty-second Judicial District Court of Louisiana, for the Parish of St. Tammany:

**R.S. 14:42 AGGRAVATED RAPE, by committing aggravated rape upon the person of A.E. who was under the age of 12 at the time of the offense.**

contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same.

_____
District Attorney, 22nd Judicial District of Louisiana

NO. _____

**STATE OF LOUISIANA**
Versus

**JERRY SYLVE, 12/4/51**

**INDICTMENT FOR**

**RS 14:42 AGGRAVATED RAPE**

A TRUE BILL
_____
Foreman of the Grand Jury

**Div. A**

SCANNED
JUL 0 2 2002

A TRUE COPY
_____
DyClerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA.

77

Wednesday, June 12, 2002

COURT MET THIS DAY AND PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HIS HONOR, RAYMOND S. CHILDRESS, JUDGE DIVISION "A", DAVID WEILBAECHER, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN, JR., SHERIFF, AND MALISE PRIETO, CLERK OF COURT. (ONEITA GRAHAM, COURT REPORTER AND LATIF EL-AMIN, BAILIFF)

278195          STATE OF LOUISIANA
                VS
                JERRY L SYLVE

The defendant being present in open Court and attended by Counsel, ROY K BURNS JR, this matter came on today for trial. The Defense Counsel and the State at this time announced their readiness for trial.

Court ordered the names of the Petit Jurors, written on separate cards contained in the sealed envelope, be removed and shuffled and the names of eighteen (18) prospective jurors be drawn, which was done, the voidire examination was begun and the following named persons were peremptorily challenged by the State and excused by the Court:

1. George D. Tucker
2. Johnny Sharp, Jr.

The following named persons were peremptorily challenged by the Defense and excused by the Court:

1. Bobbie F. Thomas
2. David C. Harris
3. Barbara Jean Gowan
4. Marguerite N. Godwin

The following named persons were challenged for cause and excused by the Court:

1. Melissa A. Searcy
2. Deborah C. Perez
3. Bruce J. Ahrens
4. William G. Beal
5. Candyce H. Scherer

The following named persons were duly sworn and impaneled to try this case to-wit:

1. Stephanie M. Turnage
2. Renee A. Massey
3. Anthony P. Radesky
4. Karen D. Plescia
5. Lellia L. Ber
6. Arthur J. Bennett, Jr.
7. David J. Dupre, Sr.

The Court advised the jurors as to the rules of sequestion, retired the above named jurors to the Jury Room, released the panel for the afternoon and ordered the jurors to return June 13, 2002 at 12:30 p.m.

Court ordered the names of the Petit Jurors, written on separate cards contained in the sealed envelope, be removed and shuffled and the names of eighteen (18) prospective jurors be drawn, which was done, the voidire examination was begun and the following

Thursday, June 13, 2002

COURT MET THIS DAY AND PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HIS HONOR, RAYMOND S. CHILDRESS, JUDGE DIVISION "A", DAVID WEILBAECHER, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN, JR., SHERIFF AND MALISE PRIETO, CLERK OF COURT. (ONEITA GRAHAM, COURT REPORTER AND LATIF EL-AMIN, BAILIFF)

278195          STATE OF LOUISIANA
                VS
                JERRY L SYLVE

The defendant being present in open Court and attended by Counsel, Roy K. Burns, Jr. and Melissa F. Hoffmeister, this matter came on today for trial. The Defense Counsel and the State at this time announced their readiness for trial.

Court ordered the names of the Petit Jurors, written on separate cards contained in the sealed envelope, be removed and shuffled and the names of twenty-four (24) prospective jurors be drawn, which was done, the voidire examination was begun.

A bench conference held during voir dire, Court excused the following prospective jurors and were released:

1. Avery L. Buelle
2. Anita J. Barham
3. Mary P. Stillwell
4. James G. McDonnell

The following named persons were peremptorily challenged by the State and excused by the Court:

10. Andre D. Charbonnet
11. Henry A. Raziano

The Defense Counsel at this time moved for a Batson Challenge due to the Stae releasing Juror, Andre D. Charbonnet, the State argued the prospective juror needed to "see" evidence, not just "hear" evidence. Argument was heard on behalf of the State and the Defense and Court will allow the State to peremptorily challenge the prospective juror.

The following named persons were peremptorily challenged by the Defense and excused by the Court:

10. Doris D. Jenkins
11. James K. Kennedy
12. Lynne C. Stewart

The following named persons were challenged for cause and excused by the Court:

1. Gerald B. Taylor

The following named persons were duly sworn and impaneled to try this case to-wit:

11. Tina M. Lemmond
12. Susan P. Lile

The Court at this time informed the State and the Defense they will each be given two

Friday, June 14, 2002

COURT MET THIS DAY AND PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HIS HONOR, RAYMOND S. CHILDRESS, JUDGE DIVISION "A", DAVID WEILBAECHER, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN, JR., SHERIFF AND MALISE PRIETO, CLERK OF COURT. (ONEITA GRAHAM, COURT REPORTER AND LATIF EL-AMIN AND BEN SADOWSKI, BAILIFFS)

278195          STATE OF LOUISIANA
                VS
                JERRY L SYLVE

The defendant being present in open Court and attended by Counsel, Roy K. Burns, Jr. and Melissa F. Hoffmeister and the trial on this matter having been continued from June 16, 1998, the jury was returned to the Courtroom.

The Defense Counsel offered, introduced and filed into evidence the following items:

D-4    Photocopy of page from Arshan's Journal
D-5    Photocopy of page from Arshan's Journal
D-6    Photocopy of page from Arshan's Journal
D-7    Photocopy of page from Arshan's Journal
D-8    Photocopy of page from Arshan's Journal

Evidence was heard on behalf of the State with the following witness giving testimony:

5. Regina Burns

The Defense at this time offered, introduced and filed into evidence the following items:

D-9     Photocopy of Protective Order filed by Regina Burns Edgerson
D-10    Photocopy of Petition for Damages filed by Regina Burns
D-11    Photocopy of of First Supplemental and Amending Petition for Damages

The Court took a brief recess during the testimony of Ms. Burns.

The defendant being present in open Court and attended by Counsel, Roy K. Burns, Jr. and Melissa F. Hoffmeister and testimony was continued by Ms. Burns.

The Defense at this time offered, introduced, and filed into evidence the following item:

D-3    Photocopy of page from Arshan's Journal

Evidence was heard on behalf of the State with the following witness giving testimony:

6. Deon Edgerson

Before testimony began, the Court instructed the testimony will be pursuant to Code of Criminal Procedure Article 404(B).

This being the noon hour, Court recessed for lunch and the jury was retired to the jury room.

The defendant being present in open Court and attended by Counsel, Roy K. Burns, Jr. and Melissa F. Hoffmeister, the Defense Counsel made an oral Motion for Liminie and

argument was heard on behalf of the Defense and the State. The Court ruled should the defendant take the stand, as per Code of Criminal Procedure Article 609.1, any prior conviction may be brought up and does not set time limits as to how old the conviction may be. The Defense Counsel objected to the Court's ruling.

The jury was returned to the Court room and evidence was heard on behalf of the State with the following witness giving testimony:

7. Arshan Edgerson

The Defense at this time offered, intoduced, and filed into evidence the following item:

D-12   Original Letter filed by Martha Elliott to Roy K. Burns, Jr.

The State at this time rested its case subject to rebuttal.

The defendant being present in open Court and attended by Counsel, Roy K. Burns, Jr. and Melissa F. Hoffmeister, the jury was returned to the Court room.

The Defense at this time offered, introduced, and filed into evidence the following items:

D-13   Photocopy of report from New Orleans Orthopaedic Clinic
D-14   Photocopy of Interdisciplinary Biopsychosocial Assessment of Jerry Sylve
D-15   Photocopy of Copensation and Pension Psychological Evaluation for Post-Traumatic Stress Disorder and other Mental Disorders for Jerry Sylve
D-16   Photograph of Jerry Sylve's thigh
D-17   Photograph of Jerry Sylve's penis
D-18   Photocopy of Louisiana School Employees' Retirement System Physician's Report of Disability for Beverly Sylve

The Defense Counsel at this time played a portion of the videotape marked for D-19 identification to the jury.

The Defense at this time offered, introduced and filed into evidence the following item:

D-19   Defense Copy of Videotape of Interview of Arshan Edgerson

Evidence was heard on behalf of the Defense with the following witness giving testimony:

1. Beverly Sylve

The State at this time offered, introduced, and filed into evidence the following item:

S-8   Photograph of Jerry Sylve from chest to knees

The Court at this time took a brief recess.

The defendant being present in open Court and attended by Counsel, Roy K. Burns, Jr. and Melissa F. Hoffmeister, the jury was returned to the Court room and on joint motion of the State and Defense, Court ordered all introduced evidence published to the jury, which was done.

The Defense at this time rested.

A charge conference having previously been held the State and the Defense have no objections.

The State at this time made its closing arguments to the Jury followed by closing

Wednesday, July 24, 2002

COURT MET THIS DAY PURSUANT TO ADJOURNMENT. PRESENT AND PRESIDING HIS HONOR, RAYMOND S. CHILDRESS, JUDGE, DIVISION "A", DAVID WEILBACHER, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN, JR., SHERIFF, AND MALISE PRIETO, CLERK OF COURT. (Court Reporter-Oneida Graham and Bailiff-Latief El-Amin)

278195          STATE OF LOUISIANA
                VS
                JERRY L SYLVE

The defendant being present in open Court attended by Counsel, Roy K. Burns, Jr., and this matter being on assignment for Felony Sentencing. Defense Counsel previously filed a Motion for a New Trial and Motion for Post Verdict Judgment of Acquittal and submitted both motions to the Court with brief argument. The State responded and the matters were submitted to the Court; whereupon Court denied both motions.

Defense Counsel informed the Court they stand ready for sentencing and waived all formal delays. Court ordered the following sentence imposed:

**JERRY L. SYLVE**, being over 17 years of age and having previously been found guilty by a jury of **R.S. 14:42 AGGRAVATED RAPE, by committing aggravated rape upon the person of A.E. who was under the age of 12 at the time of the offense**, Court sentences the defendant to serve **LIFE imprisonment** at hard labor with the Department of Public Safety and Corrections of the State of Louisiana, to be served without the benefit of probation, parole or suspension of sentence.

Court ordered the defendant be given credit for time served.

Court advised the defendant he has two (2) years from the date his conviction becomes final to file Application for Post Conviction Relief.

Defense Counsel at this time noted his objection to the Court's ruling as to the Motion for New Trial and Motion for Post Verdict Judgment of Acquittal.

Defense Counsel made an oral Motion to Reconsider Sentence, Motion to Appeal and Designate Record, Motion to Withdraw, Motion to Appoint the Louisiana Appellate Project and informed the Court he will supplement each with a formal written motion.

COURT ADJOURNED SINE DIE:          MINUTES READ AND APPROVED:

_____     _____
MINUTE CLERK        JSB             JUDGE, DIVISION "A"        RSC

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

_M. Sandifer_
DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2002 KA 2358

STATE OF LOUISIANA

VS.

JERRY L. SYLVE

\*\*\*\*\*\*\*\*

**JUDGMENT RENDERED MAY 9, 2003**
\*\*\*\*\*\*\*\*

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 278195 "A"
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE RAYMOND S. CHILDRESS, JUDGE

\*\*\*\*\*\*\*\*

| | |
|---|---|
| WALTER P. REED<br>COVINGTON, LA.<br>DOROTHY PENDERGAST<br>METAIRIE, LA. | COUNSEL FOR THE STATE OF LOUISIANA,<br>APPELLEE |
| JENNIFER PATE<br>BATON ROUGE, LA. | COUNSEL FOR DEFENDANT/APPELLANT<br>JERRY L. SYLVE |

BEFORE: PARRO, MCDONALD, AND CLAIBORNE,[1] JJ.

---

[1] Judge Ian W. Claiborne, retired, is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

1

MCDONALD, J.

Jerry L. Sylve was charged by grand jury indictment with aggravated rape, a violation of La. R.S. 14:42, for the rape of A.E., which occurred when A.E. was between the ages of nine and twelve years old. Following a trial by jury, the defendant was found guilty as charged and was subsequently sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appeals, asserting three assignments of error. For the following reasons, defendant's conviction and sentence are affirmed.

## FACTS

In August 1997, Regina Burns discovered a journal kept by her fifteen year-old daughter, A.E. After reading parts of the journal, Ms. Burns concluded that A.E. had written how defendant, who was married to Ms. Burns' mother, had raped A.E. Ms. Burns went to her mother's home in Mandeville and confronted defendant. According to Ms. Burns, when she asked defendant why he hurt her daughter, he "looked at me and he just put his head down."

The following day, Ms. Burns told A.E. that she had found her journal and asked if there was anything A.E. wanted to tell her. A.E. told her mother that defendant had raped her when she was younger. Ms. Burns did not push her daughter for more details because she was upset. The next day, Ms. Burns took A.E. to the St. Tammany Parish Sheriff's Office where she spoke with Detective Grant Ross, who investigated allegations of child abuse.

Detective Ross directed Ms. Burns and A.E. to the Child Advocacy Center (CAC) in Covington, which provides a place for children to give videotaped interviews when there have been allegations of abuse. Because A.E. had a twin sister, D.E., Detective Ross suggested that D.E. also be taken to CAC to give an interview. Ms. Burns took both of her daughters to CAC on August 18, 1997. While at CAC, both A.E. and D.E. were interviewed by Melanie Johnston, a counselor who worked at CAC. Ms. Johnston conducted the interviews while Detective Ross observed from another room at CAC on closed-circuit television.

Detective Ross did not interview the girls prior to their CAC interview. Following their interviews, Ms. Burns was informed that A.E. had described being raped by the defendant and that D.E. had described being sexually molested by the defendant on numerous occasions when the girls were between the ages of nine and twelve years old.[2] Based on the information provided in these interviews and in A.E.'s journal, Detective Ross prepared an arrest warrant, which was signed by a judge on September 9, 1997. Defendant was arrested at the Gulfport Veterans Administration Hospital and returned to Covington. On October 6, 2000, after the state had requested a sanity hearing, defendant was found competent to stand trial.

Defendant was tried before a jury on June 12-14, 2002. The jury convicted defendant and the trial court sentenced him to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant appeals, urging three assignments of error.

## SUFFICIENCY OF EVIDENCE

In his first two assignments of error, defendant asserts that the evidence presented was insufficient to support his conviction and that the trial court erred in denying his motion for new trial and post-verdict judgment of acquittal.

The allegations that defendant had raped A.E. were first brought to light in August 1997 following Ms. Burns' discovery of A.E.'s journal. When her mother asked her about her journal, A.E. admitted that defendant had been raping her from the time she was nine years old until she reached the age of twelve. A.E. was fifteen years old when her mother learned of the rapes.

A.E. testified that she never revealed these rapes to anyone because it was embarrassing, she did not want anyone to know, she knew her mother would be upset and she wanted to spare her mother the pain. According to A.E., the rapes occurred multiple times spanning the years 1991-1994. A.E. testified she began keeping a journal after the rapes had ceased as a way of venting her feelings. On one occasion, A.E. indicated the defendant anally raped her. However, the only

---

[2] This appeal only concerns the charge brought against the defendant as a result of his conduct with A.E.

detail she could remember about that particular incident was that it "hurt more than anything." Prior to the first rape, A.E. testified that defendant had touched her on her vagina and fondled her on numerous occasions when she was alone with him at her grandmother's house. Sometimes A.E. would be able to leave the room before defendant would do this and other times she could not get away from him. A.E. was able to relate the first time defendant raped her when she was nine years old and in the fourth grade. In recalling the first time she was raped, A.E. testified that she was at her grandmother's home located off the Causeway Approach in Mandeville. While she was playing in one of the guest bedrooms, defendant came in and began sliding off the bottoms of her clothes, got on top of her, and put his penis into her vagina. A.E. testified that the rape lasted approximately 10-15 minutes. A.E. testified that it hurt and afterwards defendant told her not to tell anyone. A.E. estimated she was raped more than 10 times between 1991 and 1994. During these rapes, A.E. indicated she would not look at the defendant; and the defendant never made her touch his penis or perform oral sex on him.

Dr. Scott Benton, a pediatric forensic expert affiliated with Children's Hospital in New Orleans, performed an examination on A.E. that is used to determine whether children have been abused. Dr. Benton examined A.E. on October 2, 1997, approximately three years from the last time A.E. alleged defendant raped her. Dr. Benton found A.E.'s examination to be normal. Dr. Benton testified in the vast majority of cases where there has been a passage of a few years between the alleged incident and the exam, it is not unusual for the exam to reveal normal findings. Dr. Benton explained that the lack of visible injury is because injuries heal and that since A.E. had gone through puberty between the time of the alleged rapes and his exam, that the pubertal process can sometimes have a recuperative effect and can mask prior injuries.

The defense presented at trial was based on the assertion that Ms. Burns has a financial motive for having her daughter claim she was raped by the defendant. In support of this defense, Beverly Sylve, the defendant's wife and mother of Ms.

4

Burns, testified that Ms. Burns had threatened to "get" defendant because he had refused to lend her $5,000. According to Mrs. Sylve, Ms. Burns was aware that defendant had received two settlements that were over $100,000 for injuries and that he also received Veteran's disability benefits. A copy of a civil suit filed on behalf of A.E. and D.E. seeking monetary damages from defendant for the injuries suffered by the girls as a result of being sexually molested was also introduced.

During the cross-examinations of Ms. Burns, A.E., and D.E., all denied having a financial motive in bringing these allegations against defendant. All three women explained that the civil suit was filed because the criminal charges were taking so long to be brought to court. Further, A.E., a member of the armed services, and D.E., a college student on scholarship, both indicated their motivation for testifying against defendant was to seek justice as opposed to any type of financial gain.

Mrs. Sylve also testified that the defendant was unable to engage in sexual intercourse because he has been impotent since 1988. Medical records were introduced reflecting that defendant had complained of impotence as far back as 1989. Mrs. Sylve also testified that defendant had been scarred on his thighs and penis when he was younger and, as a result of this scarring, defendant had a distinct discoloration of his penis. The defendant points out that at no time did A.E. ever indicate that defendant's penis was either scarred or discolored, even when directly asked in her CAC interview in 1997. The defendant did not testify.

The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. La. Code Crim. P. art. 821; *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

The testimony of the victim is sufficient to establish the elements of the offense. *State v. Creel*, 540 So.2d 511, 514 (La. App. 1st Cir.), writ denied, 546

5

So.2d 169 (La. 1989). On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. *State v. Creel*, 540 So.2d at 514.

The portion of La. R. S. 14:42, the aggravated rape statute, applicable in this case is as follows:

> A. Aggravated rape is a rape committed ... where the anal, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> > (4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.

Viewing the evidence in the light most favorable to the prosecution, we find that the jury clearly accepted the testimony of A.E. and found it to be more credible than the defense presented by defendant. Although the defendant argues Dr. Benton found no physical evidence that A.E. had ever been either vaginally or anally raped, we note that victim testimony is sufficient to establish the elements of the offense. Clearly, A.E. testified that the defendant raped her when she was nine years old. Although the defendant argues that his conviction is based on circumstantial evidence, we find that the conviction is based on credibility determinations made by the jury, which cannot be used by this court to overturn the jury's determination of guilt. Accordingly, these assignments of error are without merit.

## JURY CHALLENGES

In his third assignment of error, defendant contends that the trial court erred in denying his objection to the state's use of peremptory challenges against two potential black jurors. Defendant asserts that the state exercised its challenges in a racially discriminatory fashion that violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant contends that the record does not support the allegedly race-neutral explanation offered by the state for challenging these two jurors.

In *Batson*, the Supreme Court outlined a three-step process for evaluating claims that a prosecutor has used peremptory challenges in a manner violating the Equal Protection Clause. The analysis set forth in *Batson* permits prompt rulings on objections to peremptory challenges without substantial disruption of the jury selection process. *Hernandez v. New York*, 500 U.S. 352, 358, 111 S.Ct. 1859, 1865-66, 114 L.Ed.2d 395 (1991).

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.
> *Hernandez v. New York*, 500 U.S. at 358-59, 111 S.Ct. at 1866 (citations omitted).

The second step of this process does not demand an explanation that is persuasive or even plausible. At the second step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral. *Purkett v. Elem*, 514 U.S. 765, 767-68, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995) (per curiam). Because a trial judge's findings pertaining to purposeful discrimination turn largely on credibility evaluations, such findings ordinarily should be entitled to great deference by a reviewing court. *Batson v. Kentucky*, 476 U.S. at 98 n.21, 106 S.Ct. at 1724 n.21. Reasons offered to explain the exercise of peremptory challenges should be deemed race-neutral unless a discriminatory intent was inherent in those reasons. *Hernandez v. New* York, 500 U.S. at 360, 111 S.Ct. at 1866.

In the present case, defendant initially entered a *Batson* challenge that was prompted by the state's peremptory challenge of prospective juror Charles Landor, Jr. At that point, Mr. Landor was the only African-American on the jury pool. Although it is arguable whether the defendant made a prima facie case of racial discrimination since Mr. Landor was the only African-American juror on the

panel, the trial court allowed the state to provide a race-neutral explanation for the challenge. The state indicated that Mr. Landor knew the defendant's wife and had previously been represented by the defendant's attorney. The state also explained that it doubted Mr. Landor's explanation that he had not seen defendant's wife for 30-40 years when he called her by her first name and recognized her despite the passage of time. Although the trial court opined that it did not think a discriminatory pattern had been developed at that time, it ruled that the state set forth a valid, non-racially-based reason and allowed the state to excuse Mr. Landor by peremptory challenge.

Defendant's next *Batson* challenge came following the state's use of a peremptory challenge to strike prospective juror, Andre Charbonnet. Defendant noted that there were so few African-Americans in the jury pool, that his *Batson* challenge was based more on the effect of excluding a representative jury than numbers. As to Mr. Charbonnet, the prosecutor explained that he felt Mr. Charbonnet implied he would put some kind of extra burden on the victim to justify what she said, despite the principle that the victim's testimony alone is considered evidence. The prosecutor also indicated that because Mr. Charbonnet has a disabled relative, he might be more sympathetic to the defendant, who also had a disability. The trial court rejected the prosecutor's reliance on whether Mr. Charbonnet would be more sympathetic to defendant because Mr. Charbonnet had a disabled relative, but the trial court allowed the state to exercise a peremptory challenge based on Mr. Charbonnet's implication that a "he said she said" situation might require more proof on the part of the victim than her testimony. The trial court ruled such a concern was sufficient to rise beyond a race-related basis.

The record in the instant case indicates that the state was able to offer race-neutral explanations as to the challenges to Mr. Landor and Mr. Charbonnet. There is nothing in the record to indicate the trial court's acceptance of the state's explanations was erroneous. Therefore, this assignment of error is without merit.

Following our review, we find that the conviction and sentence of Jerry Sylve are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

VS.

NO. 2003-KO-1721

**JERRY L. SYLVE**

─ ─ ─ ─ ─

IN RE: Sylve, Jerry L.; - Defendant; Applying for Writ of Certiorari and/or Review, Parish of St. Tammany, 22nd Judicial District Court Div. A, Nos. 278195; to the Court of Appeal, First Circuit, No. 2002 KA 2358

─ ─ ─ ─ ─

December 19, 2003

Denied.

                           BJJ

                           PFC

                           CDK

                           JPV

                           CDT

                           JTK

                           JLW

Supreme Court of Louisiana
December 19, 2003

*[signature]*

Deputy Clerk of Court
    For the Court

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                    NUMBER 2005 KW 0860

VERSUS

JERRY L. SYLVE

                                      AUG 0 8 2005

---

In Re:   Jerry L. Sylve, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 278195.

---

BEFORE:  PETTIGREW, DOWNING AND MCCLENDON, JJ.

**WRIT DENIED.** Relator has failed to demonstrate that he could have proven at trial that he was incapable of distinguishing between right and wrong with reference to the conduct in question because of a mental disease or mental defect. See La. R.S. 14:14. Thus, relator has failed to demonstrate that his counsel should have advised him to enter a plea of not guilty by reason of insanity and that his counsel's deficient performance resulted in prejudice to relator's defense. See **Strickland v. Washington**, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

                              JTP
                              RDD
                              PMc

COURT OF APPEAL, FIRST CIRCUIT

_Elizabeth D. Nauta_
DEPUTY CLERK OF COURT
FOR THE COURT