# The Supreme Court of the State of Louisiana

STATE EX REL. JERRY L. SYLVE

VS.                                              NO.   2006-KH-0339

STATE OF LOUISIANA

- - - - - -

IN RE:  Sylve, Jerry L.; - Plaintiff; Applying for Supervisory and/or Remedial Writs, Parish of St. Tammany, 22nd Judicial District Court Div. A, Nos. 278195, 278196; to the Court of Appeal, First Circuit, No. 2005 KW 0860

- - - - - -

**August 18, 2006**

Denied.

CDT

PFC

CDK

BJJ

JPV

JTK

JLW

Supreme Court of Louisiana
August 18, 2006

*Rai J. Daigle*

Deputy   Clerk of Court
For the Court

STATE OF LOUISIANA                    22ND JUDICIAL DISTRICT COURT

VERSUS NO.  278195                    PARISH OF ST. TAMMANY

JERRY L. SYLVE                        STATE OF LOUISIANA



**FILED**

OCT 24 2002

CLERK OF COURT

DEPUTY CLERK

SENTENCING

TRANSCRIPT OF PROCEEDINGS

TAKEN IN OPEN COURT ON THE

24TH DAY OF JULY, 2002,

JUDGE RAYMOND S. CHILDRESS, PRESIDING.


APPEARANCES:              Mr. David A. Weilbaecher, Jr.

                              Asst. District Attorney



                          Mr. Roy K. Burns, Jr.

                              Attorney for Defendant







REPORTED BY:              Oneita H. Graham, CCR

                              Official Court Reporter

MR. WEILBAECHER:

Your Honor, that brings us to another matter with Mr. Burns, case 278195, State versus Jerry Sylve.

MR. BURNS:

We would ask the record reflect the defendant, Jerry Sylve, is present in court with his retained counsel, which is Roy K. Burns, Jr., and it is my understanding, Judge, that I filed some pre-sentence motions in this particular motion and my only - we're going to submit it on the record, since you were the trial judge, with the following simple statement.

The science in this case proves that my client is not guilty and the science came from the state's witness, Dr. Benton, who said his examination of the alleged victim in this particular case was in fact a - this is going to be my term, which I think is probably self explanatory to the court - as she was examined post complaint that she was a virgin.

In addition to that, Judge, the science in this case shows two things, is that Mr. Sylve had a very distinctive penis that was half black, half white due to an injury and that in the girl's tape she said it did not have any distinguishing marks, and, thirdly, Mr. Sylve had a long history of impotence that was in fact not, not, I guess the term would say, not proven otherwise at the time.  That is the science would have shown he was incapable of performing the act that he was convicted of.

Subject to that argument, that's all I would say on my two pre-sentence motions that we filed with the court.

MR. WEILBAECHER:

1

1     Of course, the state submits these were all

2  matters brought up at trial, which were - the jury

3  obviously considered and rejected and actually that Dr.

4  Benton said that there was a normal exam of the victim

5  in this case, that also that the victim really said

6  that she could not recall or given any description of

7  the defendant's body and that there was no expert

8  testimony regarding whether or not the defendant was or

9  was not impotent.  And with that, the state submits.

10 THE COURT:

11    All right.  The court, having reviewed the motions

12  filed by the defendant and having sat through the trial

13  and listened to the evidence that was presented for the

14  consideration of the jury, hereby denies the

15  defendant's motion of post-verdict judgment of

16  acquittal, as well as the defendant's motion for a new

17  trial.  Are you prepared for the sentencing at this

18  time?

19 MR. BURNS:

20    Yes, Judge, we would waive our I think it's a 24

21  or a 48 hour delay in sentencing in this particular

22  matter.  We would waive that delay and stand ready for

23  sentencing.

24 THE COURT:

25    All right.  Let the record reflect, and this is

26  number 278195, State of Louisiana versus Jerry Sylve,

27  that the defendant is here present with counsel, and

28  obviously the district attorney's office is also

29  present.

30    Mr. Sylve was brought before this court for a jury

31  trial which began on June the 12th of 2002 and

32  completed on June the 14th of 2002, at which time the

2

1   jury found him guilty of a violation of Revised Statute

2   14:42, aggravated rape.   All delays for sentencing

3   have now been waived.   There are no outstanding post-

4   trial motions remaining.   The defendant is now to be

5   sentenced in accordance with the sentencing provisions

6   of Louisiana Code of Criminal Procedure Article 894.1,

7   et seq.

8        The court would point out that the charge dealt

9   with the aggravated rape of a child, who at the time,

10  based upon the testimony, was I think between the ages

11  of nine and eleven.   According to the testimony, this

12  occurred on several occasions, at which time the child,

13  according to her testimony, was threatened that if she

14  was to convey this to someone that she might be injured

15  and that other people in the family would have problems

16  with it and such and it would create some concerns,

17  which was used in the manner to intimidate this child.

18       The court heard testimony indicating that as this

19  child was violated it had severe impact on her and was

20  not found out until she was older, at which time it was

21  discovered through her mother reading her journal and

22  confronting her about it.

23       It's obvious to this court that these crimes had a

24  severe impact on this child and her development.   It's

25  obvious to the court that the jury listened to all of

26  the aspects of the defense that were presented by the

27  defendant and was not swayed by that.

28       So at this time the court by provisions of the

29  statute hereby sentences the defendant to spend the

30  rest of his life in jail.   He is sentenced to life

31  imprisonment without the benefit of probation, parole

32  or suspension of sentence.

3

1      You are given credit for time served, but to

2   impose a lesser sentence would deprecate the

3   seriousness of this offense.

4      According to Article 930.8 of the Code of Criminal

5   Procedure, you have two years from the date that your

6   sentence becomes final to file for post conviction

7   relief.   Your sentence is hereby final today and your

8   two years begins to run now, and I remand you to the

9   custody of the sheriff to serve your sentence.

10      Thank you.

11   MR. BURNS:

12      May it please the court, we'd ask that the record

13   reflect that the defendant objects to the pre-sentence

14   denial of the motions and would ask the record reflect

15   that secondarily at this time we would move to

16   reconsider the sentence, protecting the record on

17   appeal, although I do realize that it's a mandatory

18   sentence in that particular matter.   We will file a

19   formal motion to reconsider the sentence in due course.

20      At this time we make a formal motion for appeal of

21   the case.   We designate the entire record, including

22   the voir dire as part of that record designate.

23      At this time, Judge, we would move to withdraw,

24   that is Roy Burns, Farmer and Burns, would like to

25   withdraw in this particular case as our obligation to

26   Mr. Sylve has now been completed.

27      Mr. Sylve is in fact a pauper and at this time

28   we'd also move to appoint either the public defender or

29   the appellate project to represent him.   We will commit

30   all of these oral motions to a written format.

31   THE COURT:

32      All right.   Thank you.   So noted.

4

1    MR. BURNS:

2              Thank you, Judge.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31              Oneita H. Graham, CCR

32              Official Court Reporter

## CERTIFICATE OF REPORTER

I, Oneita H. Graham, CCR, Official Court Reporter in and for the 22nd Judicial District Court, State of Louisiana, do hereby certify that the above and foregoing is a true, accurate and complete transcription, to the best of my knowledge and belief, of the Proceedings taken in this matter on the 24th day of July 2002, before the Honorable Raymond S. Childress.

I further certify that this transcript has been filed with the Clerk of Court, St. Tammany Parish, on the *24th* day of October, 2002.

I further certify that my certification as Certified Court Reporter - Penwriter, bearing number 87190, issued by the State of Louisiana, is in good standing at this time.

OFFICIAL SEAL
ONEITA H. GRAHAM
Certified Court Reporter
in and for the State of Louisiana
Certificate Number 87190
Certificate expires 12-31-0_

Oneita H. Graham

Oneita H. Graham, CCR

Official Court Reporter



# DEPARTMENT OF THE NAVY
## USS INDEPENDENCE (CVA62)
### F P O New York 09501

```
CVA62:12:we
1900
435 86 6842
Ser 949
11 APR 1973
```

From: Commanding Officer, USS INDEPENDENCE (CVA62)
To:   SR Jerry Levon SYLVE, USNR, 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

Subj: Administrative Discharge; notice of processing for

Ref:  (a) BUPERSMAN 3420180

1.  In accordance with the provisions of reference (a), you are hereby advised that you are being considered for an administrative discharge from the Naval Service by reason of Sociopathic Personality, Severe, EPTE, #3017 and you are therefore subject to receive an Honorable or General Discharge as warranted by your service record.

2.  You are further advised that, by your signature acknowledging receipt of this letter, you are aware of these proceedings, and that you have the right to make a written statement in your own behalf concerning this matter.

3.  In case you do not wish to make a written statement in your own behalf, it is requested that you submit a declination to that effect in writing.

Enclosure (1)

12 April 1973

From:   SR Jerry Levon SYLVE, USNR,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
To:     Commanding Officer, USS INDEPENDENCE (CVA62)

Subj:   Statement of awareness and request for or waiver of
        privileges

Ref:    (a) CO USS INDEPENDENCE (CVA62) ltr CVA62:12:we 1900
            ser  949 of 11 Apr 73

1.  In accordance with the provisions of reference (a), I
understand that I am being considered for an administrative
discharge by reason of unsuitability specifically because of
a duly diagnosed Sociopathic Personality, Severe, EPTE, #301.7
and that I am subject to receive an Honorable or General
Discharge as warranted by my service record.

2.  I do not wish to make any statement.

3.  I will inform my parents as to the reason I am being
discharged.

*Jerry Levon Sylve*

JERRY LEVON SYLVE

Witnessed:

*A.R. Wickham*
L. R. WICKHAM, CWO2, USN
Personnel Officer

Enclosure (2)

| Rating Decision | Department of Veterans Affairs<br>New Orleans Regional Office | | Page 2<br>06/07/99 |
|---|---|---|---|
| NAME OF VETERAN<br>JERRY L. SYLVE | VA FILE NUMBER<br>435 86 6842 | SOCIAL SECURITY NR<br>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 | POA<br>Disabled American Veterans |

VA Psychological evaluation dated 2-22-99 shows the veteran does suffer from a latent integrative defect and underlying psychosis which clearly became manifest during his naval service. The examiner states that the veteran suffers from a completely and permanently disabling mental disorder that was first manifest and noticed in the navy, and its underlying, latent potential was elicited by events in the service which the veteran believes actually happened or which did actually happen. He has suffered from this disorder since discharge and for the first 17 years or so his symptoms were not so florid his family knew enough to get him adequate assistance. The examiner states that the veteran is not capable of handling his own funds and is not competent for VA purposes. Diagnosis was schizophrenia, chronic, undifferentiated type with paranoid and disorganized features. The Global Assessment of Functioning score is shown as 25. The veteran's behavior is shown to be seriously impaired in all areas and he is considerably influenced by the voice of the man who allegedly threatened him.

The veteran has been in receipt of non-service connected disability pension since 12-11-92 due to paranoid schizophrenia.

Entitlement to service connection for schizophrenia is granted from 12-11-92, date of veteran's original claim as his claim has been in an active appeal status.

Benefits sought on appeal are granted in full.

2. A mentally incompetent person is defined as one who, because of injury or disease, lacks the mental capacity to control or manage his or her own affairs, including disbursements of funds without limitation. Where there is a doubt as to whether the beneficiary is capable of administering his or her funds, such doubt will be resolved in favor of competency. Since there is a definitive finding of incompetency by a physician in this case, and the claimant is not shown to be able to manage personal affairs to include disbursement of funds, we have determined that the claimant remains incompetent for purposes of managing VA payments.

See VA examination findings shown under paragraph 1 above which are not being repeated.

3. Entitlement to an additional payment of compensation is established when service-connected impairment imposes a special level of disability. Entitlement to special monthly compensation is not warranted in this case because the criteria regarding the need for regular aid and attendance or being factually housebound have not been met. Special monthly compensation under 38 U.S.C. 1114(l) is payable for being so helpless as to be permanently bedridden or in need of regular aid and attendance. The following will be accorded consideration in determining the need for regular aid and attendance (§3.351(c)(3)): inability of claimant to dress or undress himself (herself), or to keep himself (herself) ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of claimant to feed

5

| Rating Decision | Department of Veterans Affairs<br>New Orleans Regional Office | Page 3<br>06/07/99 |
|---|---|---|
| NAME OF VETERAN<br>JERRY L. SYLVE | VA FILE NUMBER<br>435 86 6842 | SOCIAL SECURITY NR<br>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 | POA<br>Disabled American Veterans |

himself (herself) through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his or her daily environment. Bedridden will be a proper basis for the determination. "Bedridden" means that condition which, through its essential character, actually requires that the claimant remain in bed. The fact that a claimant has voluntarily taken to bed or that a physician has prescribed rest in bed for the greater or lesser part of the day to promote convalescence or cure will not suffice. It is not required that all of the disabling conditions be found to exist before a favorable rating may be made. The particular personal functions which the veteran is unable to perform should be considered in connection with his or her condition as a whole. It is only necessary that the evidence establish that the veteran is so helpless as to need regular aid and attendance, not that there be a constant need. Determinations that the veteran is so helpless, as to be in need of regular aid and attendance will not be based solely upon an opinion that the claimant's condition is such as would require him or her to be in bed. They must be based on the actual requirement of personal assistance from others. Special monthly compensation under 38 U.S.C. 1114(s) is payable for being permanently housebound by reason of service-connected disability or disabilities. This requirement is met when the veteran is substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises or, if institutionalized, to the ward or clinical areas, and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his or her lifetime.

4. Service connection for splenectomy and exploratory laparotomy status post gunshot wound to the abdomen and left chest has been established as related to the service-connected disability of schizophrenia. An evaluation of 100 percent has been assigned effective November 15, 1997 based on surgical or other treatment necessitating convalescence. This period of convalescence is continued to 4-1-98. Thereafter the condition is evaluated on residuals. An evaluation of 20 percent is assigned for loss of the spleen.

Hospital report from Ochsner Hospital 12-23-97 to 2-13-98 shows the veteran was originally admitted to North Shore Hospital on 11-15-97 for self-inflicted gunshot wound to the abdomen and left chest. Veteran had an exploratory laparotomy, splenectomy and left chest tube. The veteran was hearing voices that told him to kill himself. Diagnosis from Ochsner Hospital was Schizo-affective Disorder, Bi-Polar type. Also shown was anemia and chronic disease and thrombocytosis (resolving).

Entitlement to service connection is granted from 11-15-97, date of the suicide attempt resulting in gunshot wound to the abdomen and left chest with splenectomy.

5. Special monthly compensation under 38 U.S.C. 1114(s) is payable for a single service-connected disability rated as totally disabling, with additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the totally disabling service-connected disability and involving different anatomical segments or bodily systems.

| **Rating Decision** | *Department of Veterans Affairs*<br>*New Orleans Regional Office* | | Page 4<br>06/07/99 |
| --- | --- | --- | --- |
| NAME OF VETERAN<br>JERRY L. SYLVE | VA FILE NUMBER<br>435 86 6842 | SOCIAL SECURITY NR<br>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 | POA<br>Disabled American Veterans |

See above Hospital report from Ochsner Hospital 12-23-97 to 2-13-98 shown above which is not being repeated.

Entitlement to special monthly compensation at the "housebound" rate is warranted in this case from 11-15-97 to 4-1-98 as the veteran has a single 100 percent disability, namely, schizophrenia, and additional disability of gunshot wound to the abdomen and left chest with splenectomy rated 60 percent or more due to convalescence from 11-15-97 to 4-1-98.

6. Eligibility to Dependents' Educational Assistance is derived from a veteran who was discharged under other than dishonorable conditions and has a permanent and total service-connected disability; or a permanent and total disability was in existence at the time of death; or the veteran died as a result of a service-connected disability. Basic eligibility to Dependents' Educational Assistance is granted as the evidence shows the veteran currently has a total service-connected disability, permanent in nature.

ARMED FORCES OF THE UNITED STATES REPORT OF TRANSFER OR DISCHARGE — SAFEGUARD IT.

| PERSONAL DATA | | |
|---|---|---|
| 1. LAST NAME–FIRST NAME–MIDDLE NAME<br>SYLVE, JERRY LEVON | 2. SERVICE NUMBER<br>NA | 3. SOCIAL SECURITY NUMBER<br>435 86 6842 |

| 4. DEPARTMENT, COMPONENT AND BRANCH OR CLASS<br>NAVY – USNR | 5a. GRADE RATE OR RANK<br>SR | 5. PAY GRADE<br>E1 | 6. DATE OF RANK<br>DAY 05 MONTH OCT YEAR 72 |
|---|---|---|---|

| 7. U. S. CITIZEN<br>☒ YES ☐ NO | 8. PLACE OF BIRTH (City and State or Country)<br>NEW ORLEANS, LA. | 9. DATE OF BIRTH<br>DAY 04 MONTH DEC YEAR 51 |
|---|---|---|

**SELECTIVE SERVICE DATA**

| 10a. SELECTIVE SERVICE NUMBER<br>16 63 51 551 | 10. SELECTIVE SERVICE LOCAL BOARD NUMBER, CITY, COUNTY, STATE AND ZIP CODE<br>63, SLIDELL, LA. | c. DATE INDUCTED<br>DAY MONTH NA YEAR |
|---|---|---|

**TRANSFER OR DISCHARGE DATA**

| 11a. TYPE OF TRANSFER OR DISCHARGE<br>DISCHARGE | b. STATION OR INSTALLATION AT WHICH EFFECTED<br>NAVSTA, NORVA | |
|---|---|---|
| 12. REASON AND AUTHORITY<br>REFER TO DD FORM 215 | | c. EFFECTIVE DATE<br>DAY 20 MONTH APR YEAR 73 |
| 13. LAST DUTY ASSIGNMENT AND MAJOR COMMAND<br>USS INDEPENDENCE (CVA 62) | 13a. CHARACTER OF SERVICE UNDER<br>HONORABLE CONDITIONS | d. TYPE OF CERTIFICATE ISSUED<br>REFER TO DD FORM 215 |
| 14. DISTRICT, AREA COMMAND OR CORPS TO WHICH RESERVIST TRANSFERRED<br>NA | | 15. REENLISTMENT CODE<br>RE-4 |

**SERVICE DATA**

| 16. TERMINAL DATE OF RESERVE/ UMT&S OBLIGATION<br>DAY MONTH NA YEAR | 17. CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION<br>a. SOURCE OF ENTRY:<br>☐ ENLISTED (First Enlistment) ☐ ENLISTED (Prior Service) ☒ OTHER ORDERED TO ACTIVE DUTY ☐ REENLISTED | b. TERM OF SERVICE (Years) 02 | c. DATE OF ENTRY<br>DAY 07 MONTH FEB YEAR 73 |
|---|---|---|---|

| 18. PRIOR REGULAR ENLISTMENTS<br>NONE | 19. GRADE, RATE OR RANK AT TIME OF ENTRY OR CURRENT ACTIVE SVC<br>SR | 20. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City and State)<br>SLIDELL, LA. | | |
|---|---|---|---|---|

| 21. HOME OF RECORD AT TIME OF ENTRY INTO ACTIVE SERVICE (Street, RFD, City, County, State and ZIP Code)<br>SLIDELL, LA. | 22. STATEMENT OF SERVICE | | YEARS | MONTHS | DAYS |
|---|---|---|---|---|---|
| | a. CREDITABLE FOR BASIC PAY PURPOSES | (1) NET SERVICE THIS PERIOD | 00 | 02 | 14 |
| | | (2) OTHER SERVICE | 00 | 03 | 07 |
| | | (3) TOTAL (Line (1) plus Line (2)) | 00 | 05 | 21 |
| 23a. SPECIALTY NUMBER & TITLE<br>BM 0100 | b. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER<br>911 WATER TRANS OCCUE | b. TOTAL ACTIVE SERVICE | 00 | 02 | 14 |
| | | c. FOREIGN AND/OR SEA SERVICE | 00 | 02 | 00 |

24. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED

NATIONAL DEFENSE SERVICE MEDAL

25. EDUCATION AND TRAINING COMPLETED

NONE

**VA AND EMP. SERVICE DATA**

| 26a. NON-PAY PERIODS TIME LOST (Preceding Two Years)<br>EALV: 18FEB73–23FEB73<br>TL: NONE | b. DAYS ACCRUED LEAVE PAID<br>NONE | 27a. INSURANCE IN FORCE (NSLI or USGLI)<br>☐ YES ☒ NO | b. AMOUNT OF ALLOTMENT<br>NA | c. MONTH ALLOTMENT DISCONTINUED<br>NA |
|---|---|---|---|---|
| | 28. VA CLAIM NUMBER<br>NA | 29. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE<br>☐ $15,000 ☐ $10,000 ☐ $5,000 ☒ NONE | | |

**REMARKS**

30. REMARKS

HIGH SCHOOL – 03

**AUTHENTICATION**

| 31. PERMANENT ADDRESS FOR MAILING PURPOSES AFTER TRANSFER OR DISCHARGE (Street, RFD, City, County, State and ZIP Code)<br>1712 MCARTHUR DR., SLIDELL, LA.70458 | 32. SIGNATURE OF PERSON BEING TRANSFERRED OR DISCHARGED<br>Jerry Levon Sylve |
|---|---|
| 33. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER<br>J. S. WALTERS, LT WT., BY DIR OF THE CO | 34. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |

DD FORM 214N
1 JULY 70

PREVIOUS EDITION OF THIS FORM IS TO BE USED.

ARMED FORCES OF THE UNITED STATES
REPORT OF TRANSFER OR DISCHARGE

```
*** FACILITY: NEW ORLEANS VAMC
                    * * * * * * * * * * *
                    MEANS TEST NOT REQUIRED
                    * * * * * * * * * * *
PAGE 1    OUTPATIENT ROUTING SLIP        *** SERVICE CONNECTED 50% to 100% *

SYLVE,JERRY L SR                         APPOINTMENT DATE
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                                 01/04/2001
232 WEST CAUSEWAY APR
MANDEVILLE LOUISIANA 70448

PSA: UNKNOWN


     SC Percent: 100%
     Disabilities:
PSYCHOSIS, SCHIZ UNDIFF                  100% - SERVICE CONNECTED
REMOVAL OF SPLEEN                         20% - SERVICE CONNECTED


Health Insurance: YES
Insurance   COB Subscriber ID    Group       Holder  Effective  Expires
==============================================================================
MEDICARE (   p   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 A&B  PART A      SELF    08/01/93
OCHSNER HE        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     5000011200  SELF    10/01/97
MEDICARE (   p   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 A&B  PART B      SELF    08/01/93


           **CURRENT APPOINTMENTS**

    TIME    CLINIC                        LOCATION

10:40 AM    ID-AKULA                        3B

            List diagnosis _____

            List any procedures performed during this clinic visit _____


            _____        _____


Was treatment for SC Condition?  __Yes __No


           **FUTURE APPOINTMENTS**

    DATE    TIME    CLINIC                       LOCATION

03/26/2001 11:00 AM MHC-MCGAULY                  BF166

ENROLLMENT CLINIC                    ENROLL DATE    DISCH DATE

ZZMHC-BISWAS                         07-07-93      ACTIVE
ZZMHC/BISWAS                         07-06-95      ACTIVE
ZZMHC-BOYD                           03-17-97      ACTIVE
DR-ENT                               09-09-97      ACTIVE
ZZMHC-RESIDENT                       09-09-97      ACTIVE
MHC-MCGAULY                          01-04-99      ACTIVE


DATE PRINTED: 01/04/2001
```



OCHSNER FOUNDATION HOSPITAL
Alton Ochsner Medical Foundation
1516 Jefferson Highway
New Orleans, Louisiana 70121
Phone: 504-842-3000

*Jan. 19, 1998*

To whom it may concern:

    Jerry Sylve was admitted due to the Acute Psychaitry Unit on December 23 for exacerbation of a long-standing illness. He is undergoing diagnostic testing & will remain hospitalized for a yet-undetermined period.

    Please contact either Dr. Christine Olmstead or me at the above telephone number if further information is required.

                           Mary L Malahoff MD.

MEMBER, Voluntary Hospitals of America, Inc. **VH+A**

2.

12 April 1973

From:   SR Jerry Levon SYLVE, USNR,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
To:     Commanding Officer, USS INDEPENDENCE (CVA62)

Subj:   Statement of awareness and request for or waiver of
        privileges

Ref:    (a) CO USS INDEPENDENCE (CVA62) ltr CVA62:12:we 1900
            ser  949 of 11 Apr 73

1.  In accordance with the provisions of reference (a), I
understand that I am being considered for an administrative
discharge by reason of unsuitability specifically because of
a duly diagnosed Sociopathic Personality, Severe, EPTE, #301.7
and that I am subject to receive an Honorable or General
Discharge as warranted by my service record.

2.  I do not wish to make any statement.

3.  I will inform my parents as to the reason I am being
discharged.

*Jerry Levon Sylve*

JERRY LEVON SYLVE

Witnessed:

*A.R. Wickham*
L. R. WICKHAM, CWO2, USN
Personnel Officer

Enclosure (2)

DEPARTMENT OF VETERANS AFFAIRS

| | | |
|---|---|---|
| RATING DECISION<br>CONTINUATION SHEET | NAME OF VETERAN<br>J. L. SYLVE | FILE NUMBER<br>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 |

PAGE 2 OF RATING DATED: 05/03/94

Report from Dr. Jack R. Diamond dated 12-8-93 shows the veteran was discharged from the Navy in 1973 because of severe anxiety. His discharge for medical reasons was honorable. Since discharge, his condition has steadily deteriorated. He has a severe tremor and has been unable to hold a job. At present he is taking Cogentin to help reduce the tremor, but re remains totally disabled. Outpatient report 12-9-93 shows severe disc disease at C4-5. He is shown to be on medication for Combat Traumatic Syndrome by the VA Center and medications for Paranoid ideation(Schizophrenia). *He Was Failing During Period*

Note from Dr. Diamond dated 1-26-94 shows veteran has been his patient since 1959. The nervous condition began in military service and has existed since military service. The veteran has been unable to work and must be considered totally and permanently disabled.

The condition of Sociopathic Personality Disorder is a constitutional or developmental abnormality; that is, a condition which was present at birth and/or which would have developed with or without entry into military service. The service medical records are negative for complaint of or treatment for Schizophrenia or Dysthymia. The cited evidence of record does not establish that schizophrenia was manifested to a compensable degree within one year of the veteran's discharge from service.

Jerry L Sylve
#71458 W61-1
La State Penitentary
Angola, La 70112

UNITED STATES DISTRICT COURT
Eastern District of Louisiana
500 Poydras St Room C-151
New Orleans, La
70130

Dec. 6 2006

$ 05.00
DEC 06 2006
MAILED FROM ZIPCODE 70712

Angola Prison Rodeo
Every Sunday In October

PRIORITY MAIL
UNITED STATES POSTAL SERVICE ®
www.usps.gov
LABEL107R, OCT 1997