```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA


JERRY L. SYLVE #77458                      CIVIL ACTION

VERSUS                                     NO: 06-11205

BURL CAIN, WARDEN                          SECTION: J(6)
```

### ORDER AND REASONS

Before the Court is Petitioner's **Motion to Set Aside Judgment Due to Fraud Upon the Court (Rec. Doc. 35)**. Petitioner specifically moves for relief under Federal Rule of Civil Procedure 60(b)(3),(6). He seeks this Court to set aside its judgment dismissing his § 2254 habeas corpus petition. He argues that his trial counsel and the prosecution conspired to intentionally withhold evidence of his actual innocence at trial and to withhold evidence that he was incompetent to stand trial. He claims that, as a result, he has suffered numerous constitutional deprivations that, in conjunction with what he claims are newly available medical records, entitle him to have this Court's judgment set aside.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit

1

treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b).  <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990), <u>abrogated on other grounds by</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1076 (5th Cir. 1994).  The difference in treatment is based on timing.  If the motion is filed within 28 days of the judgment, then it falls under Rule 59(e).  <u>Id.</u>  However, if the motion is filed more than 28 days after the judgment, it is governed by Rule 60(b).  <u>Id.</u>  In the present case, Petitioner's motion was filed on August 31, 2011, which is much more than 28 days after the October 7, 2008 judgment (Rec. Doc. 18) dismissing Petitioner's habeas case.  As a result, the motion is considered under the more stringent Rule 60(b) standard.

   Rule 60(b) provides that a court may reconsider an order for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or

it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b) (2011).  Petitioner invokes Rule 60(b)(3) and (b)(6).  A district court has considerable discretion to grant or deny relief under Rule 60(b), and its decision will be reversed only for an abuse of discretion. Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005). A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence.  Id.

In this case, the Court chooses not to exercise its discretion to grant Petitioner's Motion to Set Aside Judgment (Rec. Doc. 35).  Petitioner alleges that he has newly available evidence that he received on May 3, 2011, which constitutes various medical records.  He claims that such records were intentionally withheld by his defense counsel at trial, as well as the state's counsel.  He alleges a host of resulting constitutional violations, including due process, right to a fair trial, and right to effective assistance of counsel. He alleges that this fraud upon the court had the following effects:  (1) deprived him of the right to show that he had syphilis at the

time of the alleged rape conduct; and thus because there was no showing that the victim had syphilis, a reasonable factfinder would not have rendered a guilty verdict; (2) deprived him of his insanity defense; and (3) deprived him of a formal competency hearing and evidence to support a finding of incompetency to stand trial.  The Court discusses these alleged effects as follows.

(1) Petitioner argues that the newly available medical records show he had syphilis at the time of the alleged rape conduct.  Therefore, he could not have engaged in intercourse with the victim over 10 times between 1991 and 1994 without the victim contracting syphilis.  However, the basis for Petitioner's motion is that the trial attorneys fraudulently and in conspiracy withheld such information.  Petitioner's bare assertion is not supported by any evidence. Additionally, the "newly discovered" evidence attached to Petitioner's motion does not even (a) address whether the victim had syphilis, (b) prove that Petitioner had syphilis, or (c) demonstrate that he had syphilis at the time of the rape conduct.[1]  Even if Petitioner's attached

---

[1] The Petitioner attaches a host of medical records, none of which are individually referenced in Petitioner's motion or supporting memorandum.  Upon review, the Court only finds the following regarding syphilis:  medical notations that the patient had a history of syphilis (Rec. Doc. 35, at 53, 145, 149), a suggestion that the patient should go to an infectious disease clinic for follow-up regarding syphilis (Rec. Doc. 35, at 151), and a

documentation did demonstrate syphilis, the Petitioner has produced no evidence supporting his assertion that this information was withheld at trial, so as to entitle him to a reversal of judgment due to fraud upon the Court.

(2) Petitioner's claim that trial counsel withheld evidence of insanity also fails. This Court already fully addressed this issue in its order dismissing Petitioner's habeas petition. The Court held that Petitioner's ineffective-assistance-of-counsel claim based on counsel's failure to enter a plea of not guilty by reason of insanity was meritless. His counsel was aware of the documents showing the existence of mental issues, and counsel pursued a reasonable defense strategy. Rec. Doc. 16, at 23, 25. Additionally, it is entirely conclusory for Petitioner to state that because the sanity commission did not mention the substantial history of mental illness and retardation, "[i]t must be assumed based upon the evidence presented herein" that the sanity commission did not have these records due to their exclusion by trial counsel. See Rec. Doc. 35, at 29.

(3) Petitioner's claim that evidence of incompetence was

---

statement that the patient seemed to have been treated for syphilis in the past with penicillin in 1995-96 (Rec. Doc. 35, at 167, 169). Additionally, Petitioner's theory would hinge on a necessary finding that the victim does not have syphilis, and Petitioner merely notes that nowhere in the record do the victim's examinations indicate that she had any sexually transmitted infections. Rec. Doc. 35, at 22.

5

withheld at trial and that he was entitled to a formal competency hearing is meritless. The Court has already rejected his argument concerning alleged entitlement to a certain form of hearing. Rec. Doc. 16, at 26-28. As to his allegation that the lawyers withheld evidence of incompetency, once again, this is a bare assertion. Petitioner submits multiple documents concerning his mental state. These documents do not show that this information was not in trial counsel's possession, was not used by trial counsel in formulating a defense strategy, or was withheld from the trial court in adjudicating the criminal case. Merely alleging that the result would have been different if these documents had been considered does not prove fraud upon the Court.

Petitioner makes other arguments that were already addressed in the Court's order denying habeas relief. Namely, Petitioner re-urges the following: that the victim's testimony was mendacious, and that counsel should have been appointed for Petitioner at the state evidentiary hearing. The Court already addressed and rejected the insufficiency-of-the-evidence arguments (Rec. Doc. 16, at 12-15) and appointment-of-counsel argument (Rec. Doc. 16, at 24).

The Court finds that Petitioner's reasons for seeking

reconsideration are based on evidence and arguments previously heard and considered by the Court and do not meet any of the requirements of Rule 60(b).  The Court's previous ruling was not based on an erroneous view of the law or a clearly erroneous assessment of the evidence.  Petitioner has not made the necessary showing that fraud has been perpetrated on the court.  Accordingly,

**IT IS ORDERED** that Petitioner's **Motion to Set Aside Judgment Due to Fraud Upon the Court (Rec. Doc. 35)** is **DENIED**.

New Orleans, Louisiana, this 5th day of October, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE