**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JERRY L. SYLVE**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 06-11205**

**N. BURL CAIN**                                      **SECTION "J"**

<u>**ORDER**</u>

Petitioner, JERRY L. SYLVE, has filed a Motion to Set Aside Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Rec. Doc. No. 46).  He seeks relief from the judgment of this court dismissing his 28 U.S.C. § 2254 habeas corpus petition.

In his habeas petition, Sylve raised five issues:  (1) the trial court erred when it denied his motion for a new trial and/or motion for post verdict judgment of acquittal; (2) the evidence was insufficient to support the conviction; (3) the trial court erred in failing to grant his <u>Batson</u> motion; (4) ineffective assistance of counsel before, during and after trial; and (5) the trial court erroneously applied inappropriate statutory law to deny relief when it ignored the cumulative effect of the multiple errors and

instances of ineffective assistance of counsel. The court considered all five claims on the merits and dismissed the petition by judgment entered on October 7, 2008. (Rec. Doc. No. 18).

Sylve now asserts that a new Supreme Court case, <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012),[1] entitles him to a review of his ineffective assistance of counsel claim. Petitioner asserts that a change in substantive law is a reason that justifies relief under Rule 60(b) from the judgment denying his habeas petition. However, Fifth Circuit precedents hold that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" under Rule 60(b)(6). <u>Adams v. Thaler</u>, 679 F.3d 312, 319-320 (5th Cir. 2012) (citations omitted); see also <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

Furthermore, a motion ostensibly brought under Rule 60(b) but seeking to press a habeas claim of ineffective assistance of counsel based on a change in substantive law would more properly be considered as a second or successive habeas corpus application under 28 U.S.C. § 2244(b). <u>Gonzalez</u>, 545 U.S. at 530-531. In order to overcome the prohibition against the filing of a second or

---

[1] <u>Martinez v. Ryan</u> held for the first time that inadequate assistance of counsel at initial review state collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel, if the claim of ineffective assistance of trial counsel could not have been raised on direct appeal pursuant to controlling state precedent. <u>Id</u>. at 1316.

successive claim under that section, the petitioner must establish one of the following exceptions:

    1)    the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.[2] Therefore, it would be futile to construe the 60(b) motion as a habeas corpus petition because the court lacks jurisdiction to consider the petition at this time.  28 U.S.C. § 2244(b)(3)(A).

---

[2] The Fifth Circuit has ruled that <u>Martinez</u> does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an "equitable ruling" that did not establish "a new rule of constitutional law."  <u>Adams v. Thaler</u>, 679 F.3d at 322 n. 6 (5th Cir. 2012).

Accordingly, **IT IS ORDERED** that Jerry L. Sylve's motion is **DENIED**.

New Orleans, Louisiana, this 9th day of April, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE